TUCKER, APPELLANT, *v.*
TUCKER, APPELLEE.

Mr. Arthur H. Thomas, Jr., for appellant.

Mr. Robert J. Frankart, for appellee.

NORRIS, J. Plaintiff-appellant, L. Allen Tucker, appeals from an order of the trial court finding him in contempt of court for failing to maintain his child support payments.

The parties were married in 1966 and divorced in 1974. Pursuant to the decree of divorce, defendant-appellee, Dorothy P. Tucker, was awarded custody of the parties' two minor children and plaintiff was ordered to pay $35 per week to defendant for child support.

In April 1979, defendant filed a, motion seeking a contempt citation against plaintiff alleging that he was in arrears in his child support obligation, and an order reducing the arrearage to judgment. Following notice and a hearing, a court referee recommended that judgment be entered against plaintiff in the amount of $420 for payments past due, and that he be cited for contempt for failing to maintain his child support payments under the divorce decree. The referee also recommended that plaintiff be sentenced to ten days in jail, but that the sentence be suspended "upon the condition that defendant [*sic*] keeps future child support payments current and on time."

On July 24, 1979, the trial court filed its decision adopting the referee's report; however, a judgment entry to that effect was not filed until November 26, 1982.

Plaintiff raises two assignments of error in support of his appeal:

"* * *

"2. The court abused its discretion and erred to the prejudice of appellant by rendering judgment against appellant for $420.00 with respect to a support arrearage and at the same time issued an injunction finding appellant in contempt, and sentencing appellant to ten days in

(No. 82AP-1086—Decided August 11, 1983.)

jail, said injunction not expiring until 1990, though appellee concedes the alleged arrearage was paid *before* the judgment in contempt." * * *

In his second assignment of error, plaintiff asserts that the order finding him in contempt of court and suspending his sentence conditional upon future compliance with the child support order is an abuse of the trial court's discretion. Plaintiff characterizes the order as an injunction which does not expire until 1990, when his youngest daughter reaches the age of majority, and asserts that the order is invalid as he paid the arrearage after the trial court's decision was rendered and therefore was not in contempt at the time the judgment entry was filed. Defendant concedes that the arrearage was paid.

In examining the propriety of the sanction imposed by the trial court, the initial inquiry must be whether the contempt was criminal or civil.

Offenses against the dignity or process of the court, where the primary purpose of the punishment imposed is to vindicate the authority of the court by punishing the contemnor for his disobediance, are criminal contempts. Violations which are primarily offenses against the party for whose benefit the order was made, and where the primary purpose of the punishment is remedial or coercive and for the benefit of the complainant, are civil contempts, and the sanction must afford the contemnor the opportunity to purge himself of his contempt. See *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250 [18 O.O.3d 446]; *State* v. *Kilbane*

(1980), 61 Ohio St. 2d 201 [15 O.O.3d 221]. Clearly, the contempt here was civil in nature.

The issue remaining, then, is whether the portion of the judgment entry suspending plaintiff's punishment on condition that he comply with the support order in the future properly allowed for purging. We hold that it did not.

Had the order provided for suspending the jail sentence on condition that plaintiff purge himself of his violation of the support order by paying the arrearage, it would have provided a true opportunity for purging. However, insofar as it purports to regulate future conduct, it simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination. See *Grohoske* v. *Grohoske* (June 16, 1983), Franklin App. No. 82AP-948, unreported.

Accordingly, the second assignment of error is sustained to the extent that we hold that the portion of the judgment entry purporting to regulate plaintiff's future conduct within the context of the contempt proceeding, which is the subject of this appeal, is void.

*Judgment affirmed in part and reversed in part.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.