BURCHETT, Appellee,

v.

MILLER, Appellant.

[Cite as *Burchett v. Miller* (1997), 123 Ohio App.3d 550.]

Court of Appeals of Ohio,
Sixth District, Erie County.

Decided Nov. 21, 1997.

*Timothy R. Krogh,* for appellant.

SHERCK, Judge.

This appeal comes to us from a finding of contempt for the nonpayment of child support. The contempt order was issued by the Erie County Court of Common Pleas, Domestic Relations and Juvenile Divisions. Because the trial court abused its discretion in making the finding, we reverse.

On May 22, 1996, the Erie County Child Support Enforcement Agency ("CSEA") filed a show-cause motion against appellant, Anthony Miller, for his failure to pay child support. After conducting a hearing, the court entered judgment on October 31, 1996, finding appellant in contempt and ordering him to serve thirty days in jail. Appellant's sentence was stayed on condition that he pay his current child support of $145.86 per month (including service fees) and an additional $5 per week towards his arrearage. The court also ordered appellant to seek work, but stayed that condition until criminal charges pending against him were resolved.

As a result of those charges, appellant had been placed under house arrest. Over the next five months, appellant continued his confinement either under house arrest or in jail for reasons related to the criminal charges. In February 1997, although appellant was still incarcerated on the unrelated charges, CSEA sought to impose the sentence ordered in the prior judgment entry. On April 8, 1997, despite appellant's continuous incarceration, the trial court imposed the previously stayed thirty-day jail sentence, to begin at the end of appellant's then current incarceration.

Appellant now appeals that judgment, setting forth the following sole assignment of error:

"The trial court abused its discretion by imposing the jail sentence when Mr. Miller was not provided with a reasonable opportunity to purge his contempt."

■ Judicial sanctions for civil contempt may be employed to coerce a defendant into compliance with a court order. *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 206, 64 O.O.2d 129, 134–135, 299 N.E.2d 686, 693–694. Such sanctions will not be reversed unless there has been an abuse of discretion. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191, 191–192, 417 N.E.2d 1249, 1249–1250.

■ However, a sanction for civil contempt must allow the contemnor the opportunity to purge himself or herself of contempt. *In re Purola* (1991), 73 Ohio App.3d 306, 312, 596 N.E.2d 1140, 1144; *Fry v. Fry* (1989), 64 Ohio App.3d 519, 523, 582 N.E.2d 11, 13–14; *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 365–366, 461 N.E.2d 1337, 1339. The trial court abuses its discretion in ordering purge conditions that are unreasonable or where compliance is impossible. See *In re Purola, supra,* 73 Ohio App.3d at 313, 596 N.E.2d at 1144–1145; *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 334, 16 OBR 377, 382–383, 475 N.E.2d 1284, 1290–1291. Moreover, purge conditions that seek to regulate future conduct are void. *Marden v. Marden* (1996), 108 Ohio App.3d 568, 571, 671 N.E.2d 331, 332–333; *Tucker, supra,* 10 Ohio App.3d at 252, 10 OBR at 365–366, 461 N.E.2d at 1339.

■ In the present case, we conclude that the conditions placed upon appellant were either void or unreasonable. The trial court's original judgment was void as it related to the seek-work order, since it concerned future compliance, *i.e.*, compliance at some date after resolution of the criminal charges. See *id.* at 252, 10 OBR at 365–366, 461 N.E.2d at 1339. As to the arrearages, the trial court was well aware that at the time of its original order appellant was under house arrest and awaiting the outcome of unrelated criminal charges which did, in fact, affect appellant's ability to pay support and arrearages. However, despite this knowledge and the agreed suspension of the seek-work order, the trial court reinstated the thirty-day jail sentence for contempt while appellant was still incarcerated.

■ Even though we agree that appellant was still obligated for any arrearages and current child support that accrued during his incarceration, see *Brockmeier v. Brockmeier* (1993), 91 Ohio App.3d 689, 694, 633 N.E.2d 584, 586–587, his incarceration in this case is a defense to the reinstatement of the contempt order. Due to his continued house arrest or incarceration, appellant was never afforded a true opportunity to comply with the trial court's conditions that could have allowed him to purge himself of the contempt. Therefore, we conclude that the trial court's reinstatement of the thirty-day sentence was unreasonable and an abuse of its discretion.

Accordingly, appellant's sole assignment of error is well taken.

The judgment of the Erie County Court of Common Pleas, Domestic Relations and Juvenile Divisions, is reversed, and the cause is remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., and GLASSER, J., concur.