DECISION AND JUDGMENT ENTRY
This is an appeal from a nunc pro tunc[1] judgment entry of the Athens County Court of Common Pleas entered after we vacated the order of the court finding appellant in contempt of court for failure to pay spousal support. Appellant assigns the following error:
 I. The Trial Court erred and abused its discretion in requiring future compliance with the Plaintiff/Appellant's ongoing spousal support obligation as a condition of civil contempt purge order.
In Patel v. Patel (Mar. 23, 1999), Athens App. Nos. 99CA29 
99CA30, unreported, we vacated the portion of a contempt order that purported to condition the suspension of appellant's jail sentence on the appellant remaining current in his support obligation. The entry at issue provided, in part:
 * * * the [appellant] shall be sentenced to serve ten (10) days in the Southeastern Ohio Regional Jail but that those days need not be served as long as, for a period of one year, the [appellant] remains current on his present child and spousal support payments and makes additional monthly payments of 1,000.00 on the outstanding arrearages * * *. (Emphasis added.)
On remand, the trial court modified its entry to provide, in part:
 * * * the [appellant] shall be sentenced to serve ten (10) days in the Southeastern Ohio Regional Jail but that those days need not be served as long as, for a period of one year, the [appellant] makes additional monthly payments of $1,000.00 on the outstanding spousal support arrearages * * *. (Emphasis added.)
We will not reverse a contempt sanction unless the trial court has abused its discretion. State ex rel. Ventrone v. Birkel
(1981), 65 Ohio St.2d 10, 11. The propriety of a contempt sanction depends first upon whether the contempt was civil or criminal in nature. Tucker v. Tucker (1983), 10 Ohio App.3d 251,252. Violations of court orders which are primarily offenses against the party benefited by the order constitute civil contempt. See Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,253. Punishments for civil contempt are remedial or coercive, and not punitive in nature. Id.; Carroll v. Detty
(1996), 113 Ohio App.3d 708, 711. Civil contempt sanctions must therefore allow the contemnor an opportunity to purge himself of the contempt. Id. at 712; In re Purola (1991), 73 Ohio App.3d 306,312; see, also, Brown, 64 Ohio St.2d at 253 (in civil contempt, prison sentences are conditional and contemnor "is said to carry the keys of his prison in his own pocket"). Nonpayment of court-ordered spousal support is classed as a civil contempt.Marden v. Marden (1996), 108 Ohio App.3d 568, 570.
The appellant argues that the use of the word "additionally" requires him to pay towards the arrearage and pay the current spousal support amount. He concludes that the order conditions the suspension of his sentence on his future compliance with the court's existing support order. We disagree with the appellant's interpretation of the trial court's nunc pro tunc entry. Reading the entry as a whole and given the context of the entry, i.e., the previous entry of the trial court, the contempt order merely requires the appellant to pay one thousand dollars on the arrearage. Furthermore, although the suspension of appellant's jail sentence may not be conditioned on the payment of the current support, he has been ordered to pay that amount by the terms of a separate order. Therefore the one thousand dollar payment may rationally be called an "additional" amount without transforming the nunc pro tunc entry into one regulating future conduct.
An order may provide for suspension of a jail sentence on condition that the contemnor pay an arrearage. Tucker, supra,10 Ohio App. 3d at 252. Thus, the order does not attempt to regulate the appellant's future conduct by conditioning suspension of his jail sentence on his making payments on current support obligations. We overrule appellant's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
[1] The purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action; it should not be used to amend or change the court's previous action. A nunc protunc entry does not extend beyond the power to make the journal entry reflect that which has actually occurred. An "amended" entry should be used to provide for substantive changes. SeeMcKay v. McKay (1985), 24 Ohio App.3d 74.