OPINION
On May 10, 1999, a trial commenced in the courtroom of Stark County Common Pleas Judge John G. Haas. The defendant was Dezi Ford charged with one count of murder and one count of felonious assault for the death of his fourteen month old son. Representing Mr. Ford was appellant, Steven L. LoDico, Esq. During the cross-examination of Canton Police Detective Ronald Shank, the trial court found appellant in direct contempt and fined appellant five thousand dollars. The trial court journalized this finding by judgment entry filed May 18, 1999. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I
THE FINDING OF CONTEMPT WAS AN ABUSE OF DISCRETION.
 II THE SANCTION OF FIVE THOUSAND DOLLARS AGAINST ATTORNEY LODICO WAS NOT COMMENSURATE WITH THE OFFENSE IF THERE WAS A VALID CONTEMPT OF COURT FINDING.
 I
Appellant claims the trial court erred in finding him in contempt of court. We disagree. The nature of the contempt citation was direct criminal contempt. Courts distinguish between criminal and civil contempt not on the basis of punishment, but by the character and purpose of punishment. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250. In criminal contempt, the primary purpose of punishment is to vindicate the authority of the court. Tucker v. Tucker (1983), 10 Ohio App.3d 251. In civil contempt, the primary purpose of punishment is remedial or coercive and for the benefit of the complainant. Id. Direct contempt is defined in R.C. 2705.01 as "[a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." "The standard of proof required in a criminal contempt proceeding is proof of guilt beyond a reasonable doubt." Brown at syllabus. A trial court's finding will not be reversed unless it is against the manifest weight of the evidence. City of Cleveland v. Ramsay (1988), 56 Ohio App.3d 108. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [trial court] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. We have reviewed the complete transcript up to the finding of direct contempt. The nature of the adversarial system was stressed by the obvious acrimony between appellant and the prosecution team. At least twice the trial court reminded appellant to address the witness when questioning the witness, not the prosecution team. Vol. II T. at 246; Vol. III T. at 45. From the very outset of the taking of testimony, appellant interrupted the trial court numerous times when he issued a ruling and verbally disputed or argued with certain rulings. Vol. II T. at 12-14, 106, 110; Vol. III T. at 59, 72-74. Appellant frequently talked over or continued questioning after an objection was made. Vol. II T. at 139, 179-180. During the cross-examination of one witness (Coroner P.S. Sreenivasa Murthy), the trial court cautioned appellant ten times to slow down, to ask one question at a time or to keep his voice down at side bar. Vol. II T. at 107, 110, 114-117, 119-120, 130, 137, 140, 155, 171. In the midst of this cross, the trial court specifically cautioned appellant as to a possible contempt:
THE COURT: This isn't a circus.
MR. LODICO: I know it's not.
 THE COURT: I will never allow it to be a circus. So tone it down. Do your questions slowly so the witness has a chance to respond to them. It's not a matter of interrupting with effective cross-examination. The witness has to at least understand your question, and give him an opportunity to respond before you go into another one. I don't want to see any violent thrusts or anything like this (indicating). This isn't — you can in your closing argument be as demonstrative as you want, but I'm not going to allow it in my courtroom.
Vol. II T. at 140-141.
At the commencement of the third day of trial, the trial court again cautioned appellant as follows: THE COURT: Come on up here a little closer. I don't want you speaking out loud so that in any way, shape or form I think that the jury is overhearing what you say. Now just listen to me. If, in fact, I read any more articles in the paper about side bars where the judge had to settle the parties down or I hear statements out loud, having forewarned you, you will be held in contempt and it will — because of all the opportunities and the prior history we have had, it will not be a light slap on the wrist. I am asking you one, to allow for someone to complete their statements before you talk. Two, I am asking you to keep your voice down. But ultimately, I am asking you to act in a professional manner the same as I am asking the State of Ohio.
MR. LODICO: Yes, Sir.
THE COURT: I will not tolerate it. I have bent over backwards to keep from doing this. If I have to do it I will do it.
Vol. III T. at 27-28.
Even after these two cautions, appellant continued in the same vain. Vol. III T. at 34, 45, 59, 79-80. At one point, appellant accused the trial court of calling him "an inexperienced and bad trial attorney" (Vol. III T. at 68-69) which the record does not establish and was a false statement. The trial court issued the contempt during the cross-examination of Detective Shank. The cross-examination covered some thirty pages of transcript. Within those thirty pages, the state made over thirty objections to appellant's mode of interrogation. Vol. III T. at 87, 88, 89, 90, 91, 92, 93, 95, 96, 100, 102, 103, 104, 105, 108, 111-112, 113, 115, 118, 119, 120, 121, 122. The trial court sustained twenty-three of them. Vol. III T. at 87, 88, 89, 92, 93, 95, 96, 103, 104, 108, 112, 113, 115, 118, 121, 122. The trial court cautioned appellant nine times during this cross to ask a question, to not make a statement and to let the witness answer the question. Vol. III T. at 87, 88, 98-99, 105, 106, 107-108, 113, 115, 116-117. These cautions were made after the trial court had cautioned appellant about his assertiveness as follows:
THE COURT: I am equally tired. Both the State of Ohio and your client are entitled to a fair trial and professionalism on both sides. While you are very, very assertive about your client's rights, you tend to disregard any prospect of any sensitivity to professionalism towards the other side or the Court.
Vol. III T. at 79-80.
We are very aware that the severity of a case, the emotionalism of a baby death and the need for zealous representation impact the dynamics of any trial. Nevertheless, the tenor of appellant's actions were beyond the pale and not acceptable or conducive to the fair and impartial administration of justice. The purposeful attempt to put the trial court on the defensive with the false accusation that the trial court had called him inexperienced was in and of itself contemptible. Upon review, we find ample evidence to support the contempt citation and no manifest miscarriage of justice. Assignment of Error I is denied.
 II
Appellant claims the fine of five thousand dollars was excessive. We disagree. Penalties for criminal contempt must be by their very nature punitive "and designed to vindicate the authority of the court." State v. Kilbane (1980), 61 Ohio St.2d 201, 205. Appellant was not a court appointed attorney but hired private counsel, making his first appearance at the arraignment on January 8, 1999. Appellant had been specifically cautioned on the possibility of a contempt citation, but disregarded the warnings and persisted in his trial tactics. Upon review, we fail to find a five thousand dollar fine, given the nature of the abuse, to be an abuse of discretion. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________________ FARMER, J.
By Farmer, J. and Reader, V. J. concur Gwin, J. dissents.