OPINION
On August 9, 1988, appellant, Steven Brett, and appellee, Tanna Brett, were married. Two children were born as issue of said marriage, namely, Tina Brett born May 18, 1989 and Cheyenne Brett born December 2, 1990. On May 1, 1991, appellee filed a complaint for divorce. By judgment entry filed July 12, 1991, the trial court granted the parties a divorce and ordered appellant to pay child support.
On September 8, 1992, the Knox County Child Support Enforcement Agency (hereinafter "CSEA") filed a motion to order a wage withholding. By journal entry filed September 9, 1992, the trial court granted the order. See also, Journal Entry filed May 2, 1996.
On May 15, 2000, appellee, through CSEA, filed a motion for contempt against appellant for failure to pay child support. By agreed judgment entry filed August 2, 2000, the trial court found appellant in contempt and sentenced him to sixty days in jail, suspended on the condition that appellant purge himself of the contempt by paying $285.00 per month in child support and $45.00 per month in arrears.
On March 14, 2001, appellee, Linda Hartshorn, the children's custodial grandmother, through CSEA, filed a motion to impose the sixty day suspended jail sentence as appellant failed to pay child support pursuant to the August 2, 2000 order. A hearing was held on July 12, 2001. By journal entry filed July 16, 2001, the trial court found appellant failed to follow the August 2, 2000 order and reimposed the sixty day jail sentence. The trial court stated appellant could purge himself of the contempt by paying $9,100.69.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. WHEN THE CHILD SUPPORT ENFORCEMENT AGENCY SETS FORTH A WITHHOLDING ORDER TO AN EMPLOYER, THE EMPLOYER IS LIABLE TO THE OBLIGEE FOR ALL PERIODS OF EMPLOYMENT WHEREAT THE EMPLOYER FAILED TO ABIDE BY THE TERMS OF THAT ORDER.
 II. A PARTY CANNOT BE HELD IN CONTEMPT OF A COURT, BY ALLEGEDLY DISOBEYING AN ORDER THAT IS UNLAWFUL, WHEN THE ORDER ALLEGEDLY DISOBEYED IS CONTRARY TO LAW.
 III. IT IS AN ABUSE OF DISCRETION FOR A COURT TO FIND THAT A PARTY HAS FAILED TO PURGE A FINDING OF CONTEMPT IN REGARD TO CHILD SUPPORT/ARREARAGES OF THAT SUPPORT, WHEN THERE IS CREDIBLE EVIDENCE THAT THE PARTY WAS UNABLE THROUGH LACK OF EARNINGS TO PURGE THAT CONTEMPT, AND/OR WHEN THROUGH NO FAULT OF THAT PARTY, THE CONTEMPT COULD NOT BE PURGED.
 IV. A REVIEWING COURT MUST HOLD FOR NAUGHT TESTIMONY OBTAINED BY A MOVING PARTY IN A CONTEMPT PROCEEDING, WHEN THAT PARTY, IN ITS CASE IN CHIEF, HAS OBTAINED THAT TESTIMONY IN DEGRADATION OF THE PUBLIC POLICY ON THE MOVING PARTY'S BURDEN TO PROVE SUCH CONTEMPT.
 V. THE COURT MAY NOT FIND THAT A PARTY HAS FAILED TO PURGE AN ACT OF CONTEMPT BASED UPON AN ACT THAT IS PROSPECTIVE IN NATURE WHEN SUCH FINDING IS VOID.
 I
Appellant claims he is not guilty of contempt for non-payment of child support because the wage withholding notices to his employers were not honored and at the very minimum, he should receive credit on his arrearage for the amount that should have been withheld. We disagree.
Both parties indulge this court in a discussion of the differences between a wage order and notice and which section of R.C. 3113.21 is applicable. We find that in the August 2, 2000 agreed judgment entry, appellant agreed to "be responsible for the above payment from the effective date of this order until the wage withholding order takes effect."
The lack of an order does not affect appellant's responsibility under the August 2, 2000 agreement. In addition, revised section R.C. 3121.03, effective March 22, 2001, prior to the August 2, 2000 agreed judgment entry, deleted the employer liability language.
Based upon the clear and precise meaning of the August 2, 2000 agreed judgment entry, we find the trial court did not err in finding appellant in contempt and in determining the arrearage.
Assignment of Error I is denied.
 II
Appellant claims he cannot be found guilty of contempt for failure to do an act which is contrary to law. We disagree.
In the August 2, 2000 agreed judgment entry, appellant agreed to provide CSEA with "a written report of the search for employment" each Friday, "detailing the employment search efforts during the immediately preceding week." The list was to detail the name, address and telephone number of each prospective employer, the date of contact, the result of each contact and the name of the contact person.
Appellant argues R.C. 3113.21(D)(4) only requires that he seek employment and therefore, this specific order is unlawful. We disagree for two reasons. First, appellant voluntarily agreed to the provision and secondly, he failed to timely appeal the directives of the August 2, 2000 entry.
Assignment of Error II is denied.
 III
Appellant claims the trial court's finding of contempt is against the sufficiency of the evidence because there was sufficient credible evidence that he was unable to make enough money to purge himself of contempt. We disagree.
In State, ex rel. Cook v. Cook (1902), 66 Ohio St. 566, paragraph one of the syllabus, the Supreme Court of Ohio held the following:
 In a proceeding in contempt against a party who has refused to comply with a money decree for alimony, it is not essential that the complaint allege that the party is able to pay the money. The decree imports a finding of the court that he is able to pay, and the burden is on him by allegation and proof to establish his inability.
"[P]roof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt." (Emphasis sic.)Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. "The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph three of the syllabus.
Appellant argues that as a result of his minimal employment, he could not pay his child support obligation. Appellant also lays the blame on CSEA for not withholding his child support obligation from his wages although he consumed his wages on himself, forsaking his children.
It is clear from the record that appellant made money during the time of the alleged contempt and failed to pay any child support during that period. T. at 11-12. Appellant made approximately $4,167.44 from December 22, 2000 to April 15, 2001. T. at 10-11, 15. We find this alone is sufficient credible evidence of appellant's failure to obey the order. Appellant failed to prove any inability to pay.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in permitting appellee to cross-examine him in a civil contempt proceeding. Appellant claims such compulsory process is against public policy. We disagree.
The matter sub judice is a civil contempt proceeding and despite the inevitable punishment, appellant was provided with a method by which to purge the contempt:
 `Civil contempt' is defined as that which exists in failing to do something ordered by the court in a civil action for the benefit of the opposing party. Beach v. Beach (1955), 99 Ohio App. 428, 431, 59 O.O. 187, 188-189, 134 N.E.2d 162, 165-166. See, also, R.C. 2705.02. * * * Nonpayment of spousal support comes within the purview of R.C. 2705.02 and is classed as a civil contempt. Id. at 431, 59 O.O. at 188-189, 134 N.E.2d at 165-166. An appellate court will review a contempt finding under an abuse of discretion standard. Dozer, 88 Ohio App.3d at 302, 623 N.E.2d at 1276. (Footnote omitted.)
 Marden v. Marden (1996), 108 Ohio App.3d 568, 570.
Therefore, as in all civil matters, an opposing party can compel the testimony of the adverse party. We find no violation of public policy.
Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in setting forth as a condition to purge the contempt the payment of child support in the future. We agree in part.
The purge provision of the July 16, 2001 judgment entry was as follows:
 The above Judgment Entry ordered Defendant to make full payments for current child support and toward support arrears every week and to seek employment when employed less than thirty-two hours per week and to provide the Knox County CSEA a written list of five prospective employers per week as condition(s) for purging himself of his contempt.
 Defendant failed to comply with the conditions for purging himself of his contempt.
We find this order of purge was for the performance of future acts, the payment of child support:
 We note, however, that in the case of a civil contempt, where the primary purpose of the punishment is remedial or coercive, the sanction must provide the contemnor with the opportunity to purge himself of his contempt. Tucker v. Tucker (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 365-366, 461 N.E.2d 1337, 1339. A contempt order which regulates future conduct `simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing and determination.' Id., citing Matter of Grohoske (June 16, 1983), Franklin App. No. 82AP-948, unreported, 1983 WL 3573.
 Marden supra, at 571.
Assignment of Error V is granted.
The judgment of the Court of Common Pleas of Knox County, Ohio, Domestic Relations Division is affirmed in part, reversed in part and remanded to said court for determination on the amounts of arrearage that could be assessed as a method by which appellant could purge the contempt.
By FARMER, P.J. and BOGGINS, J. concur.
EDWARDS, J. concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, Domestic Relations Division is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellant.