OPINION *Page 2 
{¶ 1} Defendant-Appellant Michael Kungle appeals a contempt order of the Stark County Court of Common Pleas, Division of Domestic Relations. Appellees are Plaintiff Traci Kungle (kna Besse) and Intervenor Stark County Child Support Enforcement Agency.
 {¶ 2} The parties were married on February 2, 1991. Two children were born as issue of the marriage: Chance, DOB 1/11/96, and Alek, DOB 3/20/98.
 {¶ 3} Appellee filed for a Complaint for Divorce in 2000. The parties entered into a Judgment Entry of Divorce on December 19, 2000. Appellant was ordered to pay $212.95 monthly per child.
 {¶ 4} Appellee filed a contempt motion on August 23, 2001 for appellant's failure to pay certain debts under the terms of the divorce decree. On January 18, 2002, the trial court found appellant in contempt and issued a purge condition. To purge the contempt, appellant could pay mortgage payments, list real estate with a realtor or refinance the mortgage and pay attorneys fees.
 {¶ 5} On April 12, 2002, appellee filed a second contempt motion and first motion to impose a sentence upon appellant. The trial court, in the June 24, 2002 judgment entry, found appellant in contempt. However, due to an agreement between the parties, the trial court did not impose a sentence at that time. Appellant could purge the contempt by paying child support and remaining current on those payments, refinancing the mortgage by June 3, 2002 or sell the property by January 1, 2006 and pay attorneys fees. *Page 3 
 {¶ 6} On June 20, 2003, Child Support Enforcement Agency (hereinafter CSEA) moved to intervene and filed a motion to impose the June 2002 sentence against appellant. On September 3, 2003, CSEA withdrew their motion to impose after an agreement was reached between CSEA and appellant.
 {¶ 7} On June 28, 2004, appellee, through private counsel, filed a new motion for contempt against appellant. On November 8, 2004, the trial court vacated the two prior contempt findings and found appellant guilty of contempt based on appellee's June 28, 2004 motion for contempt and issued a jail report date (30 day sentence) of December 6, 2004. The trial court included a purge condition stating that if appellee notified the court of appellant's substantial compliance, the court would consider "deferring the sentence or even purging the contempt." On December 3, 2004, the trial court's judgment entry held that appellant was in substantial compliance and the court deferred the jail report date pending the filing of any future motion to impose.
 {¶ 8} On September 27, 2006, CSEA filed a motion to impose a suspended sentence from the trial court's previously vacated September 3, 2003 judgment entry. On November 8, 2006, at the hearing for CSEA's motion to impose, the trial court sustained the motion to impose, referencing the court's November 8, 2004 judgment entry deferring a jail report date (30 day sentence) pending to future motion to impose. Appellant, through counsel, objected to sustaining a CSEA motion to impose without affording appellant an evidentiary hearing and the finding of a new contempt. The trial court issued a jail report date of December 1, 2006. On November 29, 2006, CSEA and appellant stipulated to appellant being in substantial compliance, therefore the trial court suspended the jail sentence. *Page 4 
 {¶ 9} Appellant appeals raising the following assignments of error:
 {¶ 10} THE TRIAL COURT ERRED WHEN IT DEFERRED DEFENDANT'S SENTENCE AFTER DEFENDANT PURGED THE CONTEMPT.
 {¶ 11} THE TRIAL COURT ERRED, AND VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS, WHEN IT DEFERRED DEFENDANT'S SENTENCE DEPENDENT UPON FUTURE MOTIONS TO IMPOSE BEING FILED.
 {¶ 12} THE TRIAL COURT ERRED WHEN IT SUSTAINED A MOTION TO IMPOSE A PRIOR VACATED SUSPENDED SENTENCE.
 I., II. and III. {¶ 13} Appellant's assignments of error are interrelated and will be addressed together. Appellant argues that the trial court erred when it imposed sentence on a contempt after a deferral of sentence. We agree.
 {¶ 14} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 15} R.C. 2705.05 provides in relevant part: "In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offer and shall determine whether the accused is guilty of the contempt charge."
 {¶ 16} The trial court held a proceeding on November 8, 2006 to address the State's Motion to Impose. There is discussion on the record between the trial court and counsel for both parties as to the state of the record, but the trial court did not take any *Page 5 
evidence. Therefore the trial court failed to comply with the requirements of R.C. 2705.05.
 {¶ 17} In Graber v. Siglock, Stark App. No. 2002CA00176, 2002-Ohio-6177, this Court states that a contempt finding may be civil or criminal in nature. In Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253-254, 416 N.E.2d 610, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:
 {¶ 18} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment.* * *Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket* * *since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.* * * "Graber v. Siglock, Stark App. No. 2002CA00176, 2002-Ohio-6177 (Citations omitted.)
 {¶ 19} The sanction for a civil contempt must give the contemnor an opportunity to purge himself of the contempt. Tucker v. Tucker (1983),10 Ohio App.3d 251, 461 N.E.2d 1337. In Tucker, the court found that an order suspending punishment for civil contempt on the condition that the contemnor comply with the child support order in the future did not properly allow for purging. The court stated:
 {¶ 20} "Had the order provided for suspending the jail sentence on condition that plaintiff purge himself of his violation of the support order by paying the arrearage, it *Page 6 
would have provided a true opportunity for purging. However, insofar as it purports to regulate future conduct, it simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination." Id., citingGrohoske v. Grohoske (June 16, 1983), Franklin App. No. 82AP-948.
 {¶ 21} In the case sub judice, there was no meaningful opportunity for appellant to purge and vacate the contempt. The trial court held over the same contempt from 2001 to the final imposition of sentence in 2006. Arguably appellant did not purge or vacate. The trial court should have acted on the contempt sooner or issued a new contempt. The trial court allowed the contempt to remain for five years. This is contrary to law since an effort to punish a future violation requires new notice, hearing and determination under Tucker.
 {¶ 22} Accordingly, appellant's assignments of error are sustained.
 {¶ 23} The judgment of the Stark County Court of Common Pleas, Division of Domestic Relations is reversed and remanded for further proceedings.
 Gwin, P.J. and Farmer, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Division of Domestic Relations is reversed and remanded for further proceedings. Costs to appellee. *Page 1