{¶ 31} I respectfully dissent because it is my opinion that the trial court was correct in holding Richmond in contempt of court for her failure to comply with the visitation schedule and ordering her to make up visitation time and pay attorney fees.
 {¶ 32} The majority cites Peach v. Peach, Cuyahoga App. Nos. 82414 and 82500, 2003-Ohio-5645, and Burchett v. Miller (1997),123 Ohio App.3d 550, 704 N.E.2d 636, for the proposition that the trial court abused its discretion when it did not establish a purge order. However, the cases the majority cites concern civil *Page 2 
contempt and spouses' failure to comply with property division and spousal support orders of a divorce decree, not missed visitation. Furthermore, these cases involved reasonableness and/or impossibility of purge orders, which is much different than what we are reviewing; therefore, they are inapplicable.
 {¶ 33} As the majority footnotes on page 7 of its decision, R.C.3109.051(K) specifically states that "if any person is found in contempt of court for failure to comply with or interfering with any order * * * or visitation rights issued pursuant to this section 3109.11 or 3109.12 of the Revised Code * * *, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory parenting time or visitation to the person whose right of parenting or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child * * *."
 {¶ 34} I agree with the majority that Fletcher has standing to file a motion to show cause, and that the trial court properly found Richmond in contempt of court when she did not provide A.R. to Fletcher on December 21 and December 23, 24, and 25. However, it is my opinion that, since the trial court correctly made this contempt finding, it was then permitted, according to R.C. 3109.051(K), to require Richmond "to pay any reasonable attorney fees" and "award reasonable *Page 3 
compensatory parenting time or visitation" to Fletcher of the four days in April that normally would have been Richmond's. Consequently, I would affirm the trial court's decision. *Page 1