{¶ 33} I agree that the court did not abuse its discretion by reallocating parental rights in the father's favor, so I concur in that part of the majority opinion. I *Page 14 
respectfully dissent, however, from the majority's affirmance of that part of the court's contempt order designed to regulate the mother's future conduct.
 {¶ 34} The court's contempt order told the mother that she could purge herself of current contempt if, for a period of not less than 36 months, (1) she does not have the child examined by any medical or dental provider, excepting for bona fide emergencies; (2) she does not take the child to any mental health provider, (3) she does not appear at the child's school or daycare or babysitting, (4) she does not withhold the child or delay in relinquishing the child after a visitation, and (5) she pays within six months $3,000 of the father's attorney fees. This order "simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination." Tucker v. Tucker (1983), 10 Ohio App.3d 251, 252.
 {¶ 35} The court's conditions for "purging" past contempt are nothing more than the imposition of a default contempt for future violations of the new conditions placed upon her. For example, the order that the mother pay a portion of the father's attorneys fees is a new obligation for her, yet by labeling that new obligation as a condition of purging past contempt, the court could summarily jail her upon the father's showing that those fees had not been paid. This would, in essence, permit the court to jail the mother without any due process in the form of notice, right to counsel, and a fair hearing. In re Oliver (1948),333 U.S. 257, 274-275. *Page 15 
 {¶ 36} I would find that the terms of the court's order are invalid as they allow the court to summarily punish as contemptible conduct, new legal obligations imposed on the mother. *Page 1