OPINION *Page 2 
{¶ 1} Defendant-Appellant, John F. Cameron, appeals the January 28, 2008 judgment entry of the Stark County Court of Common Pleas, Family Court Division, finding Appellant guilty of contempt.
 {¶ 2} Plaintiff-Appellee is the mother of Appellant's child, born on July 23, 1998. Appellant and Appellee are not married. Effective May 12, 1999, Appellant was ordered to pay child support in the amount of $181.04 per month through the Stark County Child Support Agency.
 {¶ 3} On February 7, 2002, the Stark County Child Support Enforcement Agency filed a Motion for Orders to Show Cause alleging that Appellant failed to pay his child support obligations or seek employment. The matter came on for hearing on March 27, 2002. At the hearing, Appellant stipulated to contempt and the magistrate sentenced Appellant to thirty days in the Stark County Jail. The magistrate scheduled imposition before the judge on June 10, 2002. On June 10, 2002, the judge granted a motion to withdraw because Appellant made child support payments.
 {¶ 4} Appellee filed a Motion to Show Cause on October 22, 2007. Appellee requested the trial court schedule a show cause hearing to determine why Appellant should not be held in contempt for his failure to pay child support in the amount of $14,910.35 and his failure to provide health insurance coverage for their child. The trial court held an evidentiary hearing on January 28, 2008. Appellant testified at the hearing and stated that he was currently unemployed and had difficulty obtaining employment since his release prison for trafficking in marijuana in May 2005. Appellant was employed from approximately March 2006 to September 2006. During that time, *Page 3 
he made partial child support payments. Appellant also testified that he has two other child support cases in Stark County wherein he has arrearages in the amounts of $31,619.85 and $23,264.16.
 {¶ 5} By judgment entry issued January 28, 2008, the trial court found Appellant guilty of contempt for his failure to pay child support as ordered. The trial court sentenced Appellant to sixty days in the Stark County Jail with a release date of March 27, 2008. The trial court also stated in its entry that it would consider early release upon a substantial payment towards the child support arrears.
 {¶ 6} Appellant filed a Motion to Stay Execution of Order Pending Appeal. On February 27, 2008, the trial court denied the motion to stay, but stated that it would reconsider its ruling on the within motion if Appellant posted bond in the amount of $15,500.00. As of the date of the January 28, 2008 evidentiary hearing, the amount of child support in arrears was $15,366.43.
 {¶ 7} It is from the January 28, 2008 decision that Appellant now appeals. Appellant raises three Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED BY FAILING TO DEFINE WHETHER THE DEFENDANT-APPELLANT WAS FOUND IN CIVIL OR CRIMINAL CONTEMPT.
 {¶ 9} "II. IF THE TRIAL COURT FOUND DEFENDANT-APPELLANT GUILTY OF CRIMINAL CONTEMPT, THE TRIAL COURT FAILED TO FIND THE DEFENDANT-APPELLANT GUILTY BEYOND A REASONABLE DOUBT.
 {¶ 10} "III. IF THE TRIAL COURT FOUND THE DEFENDANT-APPELLANT GUILTY OF CIVIL CONTEMPT, THE TRIAL COURT ABUSED ITS DISCRETION BY *Page 4 
FAILING TO PROVIDE THE DEFENDANT-APPELLANT THE RIGHT TO PURGE HIMSELF OF THE CONTEMPT."
 I., II., III. {¶ 11} Appellant's Assignments of Error challenge the trial court's finding of contempt. Appellant first argues the trial court failed to clarify if it was finding Appellant in civil or criminal contempt; and depending on our determination of that issue, the decision was either against the manifest of the evidence or an abuse of discretion.
 {¶ 12} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 13} A contempt finding may be civil or criminal in nature. InBrown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253-254,416 N.E.2d 610, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:
 {¶ 14} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket* * *since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of *Page 5 
disobedience, and to vindicate the authority of the law and the court. * * *" (Citations omitted.) Graber v. Siglock, Stark App. No. 2000CA00176, 2002-Ohio-6177.
 {¶ 15} Upon review of the trial court's January 28, 2008 judgment entry, we find the trial court's finding of contempt was civil in nature. The sanction for a civil contempt must give the contemnor an opportunity to purge himself of the contempt. Tucker v. Tucker (1983),10 Ohio App.3d 251, 461 N.E.2d 1337. Appellant was found in contempt for his failure to pay child support as ordered. (Judgment Entry, Jan. 28, 2008). The trial court stated within its judgment entry that, "[the] Court will consider early release upon substantial payment toward arrears." In its judgment entry denying Appellant's motion to stay execution, the trial court reiterated Appellant's ability to purge his contempt by stating that if Appellant posted bond in the amount of the arrearage, the trial court would reconsider its ruling on the motion to stay execution. (Judgment Entry, February 27, 2008). We find that although the trial court sentence Appellant to jail time, it provided Appellant a purge mechanism.
 {¶ 16} Appellant's first Assignment of Error is overruled.
 {¶ 17} Because we find Appellant had a meaningful opportunity to purge the contempt therefore classifying the trial court's imposition of contempt as civil in nature, we find Appellant's second Assignment of Error to be moot and will address Appellant's third Assignment of Error to determine whether the trial court abused its discretion. Appellant argues the trial court abused its discretion when it failed to provide Appellant the right to purge himself of the contempt. Specifically, Appellant argues that the trial court's January 28, 2008 order that Appellant make a "substantial payment toward [the] arrears" is too vague to provide Appellant a meaningful opportunity to purge his *Page 6 
contempt. Appellant further argues the trial court's purge condition is unreasonable because of Appellant's inability to gain meaningful employment.
 {¶ 18} Appellant's current child support order is $181.04 per month or $2,172.48 per year. The records custodian from the Stark County Child Support Enforcement Agency testified at the evidentiary hearing on Appellee's motion to show cause. She stated that at the time of the hearing, Appellant's current arrearage was $15,366.43. (T. 7). She testified that in 2007, Appellant paid $812.80. Id. In 2006, Appellant paid $230.56. (T. 8). Appellant paid $50.00 in 2005. Id. Appellant paid nothing in 2004. Id. In 2003, Appellant paid $180.00. Id.
 {¶ 19} The trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible.In re Purola (1991), 73 Ohio App.3d 306, 313, 596 N.E.2d 1140. Reviewing the trial court's purge condition under the abuse of discretion standard, we cannot find its condition of "substantial payment" to be unreasonable. Appellant's child support payment history reflects that Appellant has not met his responsibilities under the order. Upon the record before us, it would be logical to assume that a "substantial payment" is a payment considerably larger than what Appellant has paid in the past.
 {¶ 20} As to Appellant's argument that the purge condition is unreasonable due to Appellant's involuntary unemployment, there was no evidence presented at the hearing that Appellant was physically or mentally unable to work. Appellant testified that after being released from prison, he was employed from March 2006 to September 2006. (T. 17-18). He stated that he is currently unemployed, but has been doing "odds and ends jobs." (T. 16). We find Appellant's unemployment does not render the purge *Page 7 
condition to be unreasonable. Appellant is correct when he states that an individual charged with contempt may defend the charge by establishing that it is not within his power to obey the court order. "However, the person who seeks to establish the defense of impossibility bears the burden of satisfying the court that his failure to obey was due to his inability to render obedience." In re Purola (1991),73 Ohio App.3d 306, 313-314, 596 N.E.2d 1140, citing Courtney v. Courtney
(1984), 16 Ohio App.3d 329, 475 N.E.2d 1284. Upon review of the record, we find Appellant failed to meet his burden to establish that he is unable to pay his child support obligation or make a substantial payment thereto.
 {¶ 21} Accordingly, Appellant's third Assignment of Error is overruled.
 {¶ 22} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. By: Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to appellant. *Page 1