[Cite as *Bourquin v. Freudeman*, 2011-Ohio-1073.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| CHRISTOPHER BOURQUIN | : | Julie A. Edwards, P. J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00086 |
|  | : |  |
|  | : |  |
| SABRINA FREUDEMAN | : | O P I N I O N |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
Court of Common Pleas, Family
Court Division, Case No. JU-132077

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        March 7, 2011

APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

JOHN JUERGENSEN        ARNOLD GLANTZ, ESQ.
John L. Juergensen Co., LPA        4883 Dressler Road, N.W.
6545 Market Avenue, North        Canton, Ohio  44718
North Canton, Ohio  44721

*Edwards, P.J.*

{¶1} Plaintiff-appellant, Christopher Bourquin, appeals from the April 15, 2010, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Christopher Bourquin and appellee Sabrina Freudeman, who were never married, are the biological parents of a daughter (DOB 1/27/04). The parties entered into a shared parenting plan in March of 2005.

{¶3} On January 14, 2009, appellee filed a motion for reallocation of parental rights, seeking termination of the shared parenting plan and sole custody of the parties' daughter. On March 9, 2009, appellee filed an ex parte motion to suspend appellant's visitation with the minor child. Pursuant to an Order filed on the same day, such motion was granted and appellant's visitation rights were suspended until further order.

{¶4} Thereafter, on March 11, 2009, appellant filed an ex parte motion for reinstatement of his court ordered visitation rights. As memorialized in a Judgment Entry filed on March 13, 2009, the March 9, 2009 order suspending visitation rights was vacated and a Guardian Ad Litem was appointed for the minor child. As memorialized in an Order filed on April 16, 2009, both parties were ordered to submit to a hair follicle test within 14 days.

{¶5} On May 8, 2009, the Guardian Ad Litem filed a motion asking that appellant's visits with the minor child be suspended because appellant had failed to comply with court-ordered follicle testing and because of concerns over alcohol abuse. Pursuant to an Order filed on May 11, 2009, appellant's visitation rights were suspended until further hearing.

{¶6} Subsequently, at a hearing held on September 3, 2009, and as memorialized in a Judgment Entry filed on September 8, 2009, the parties agreed that appellee would have residential placement and custody of the minor child and that appellant "shall receive no visitation with the minor child pursuant to the Guardian Ad Litem's Recommendation filed herein."

{¶7} Thereafter, on September 10, 2009, appellee filed a motion seeking child support and for an order requiring appellant to seek gainful employment. Appellant, on December 4, 2009, filed an ex parte motion seeking reinstatement of his parental visitation and companionship rights. A pretrial was scheduled for February 17, 2010, before a Magistrate. The Magistrate, pursuant to an Order filed on February 18, 2010, ordered appellant to seek work at 20 places a month and to provide proof of the same to the Guardian Ad Litem and to provide the Guardian Ad Litem with proof of long term alcohol treatment by March 12, 2010. A pretrial was scheduled for April 21, 2010.

{¶8} On March 17, 2010, the Guardian Ad Litem filed a Notice with the trial court stating that as of March 17, 2010, appellant had failed to provide the Guardian Ad Litem with "evidence of compliance with the Court's seek work order" and with proof of long term alcohol treatment. Appellee, on March 24, 2010, filed a Motion to Show Cause asking for an order requiring appellant to appear and show cause why he should not be sentenced for contempt of court. A hearing on such motion was scheduled for April 15, 2010. The March 24, 2010, Judgment Entry, scheduling such hearing stated, in relevant part, as follows:

{¶9} "If you are found guilty of contempt for failure to abide by the Court's Orders regarding employment and alcohol treatment, the Court may impose the following penalties:

{¶10} "(a) For a first offense - a fine of not more than Two Hundred Fifty Dollars ($250.00), a definite term of imprisonment of not more than thirty (30) days in jail, or both.

{¶11} "(b) For a second offense – a fine of not more than Five Hundred Dollars ($500.00), a definite term of imprisonment of not more than sixty (60) days in jail, or both.

{¶12} "(c) For a third or subsequent offense - a fine of not more than One Thousand Dollars ($1,000.00), a definite term of imprisonment of not more than ninety (90) days in jail, or both.

{¶13} "(d) In addition to the above, you will be Ordered to pay court costs and reasonable attorney fees of the adverse party when you are found in contempt for failing to pay support."

{¶14} Via a Judgment Entry filed on April 15, 2010, the trial court found appellant in contempt of the trial court's order for failing to provide the Guardian Ad Litem with proof of his work seeking efforts and with proof of long term alcohol treatment. The trial court sentenced appellant to thirty (30) days in jail as "punishment for violating the Court's Order."

{¶15} Appellant now raises the following assignments of error on appeal:

{¶16} "I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN IT WENT FORWARD WITH HIS REQUESTED EVIDENTIARY HEARING ON THE DAY THAT IT WAS REQUESTED.

{¶17} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FAILED TO PERMIT APPELLANT THE OPPORTUNITY TO PURGE HIS CONTEMPT BEFORE SENTENCING HIM TO JAIL."

I

{¶18} Appellant, in his first assignment of error, argues that the trial court violated appellant's due process rights when it went forward with the April 15, 2010, hearing on the Motion to Show Cause.

{¶19} Due process must be observed in both civil and criminal contempt proceedings. *Turner v. Turner* (May 18, 1999), Franklin App. No. 98AP-999, 1998 WL 356279; *Mosler, Inc. v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1862* (1993), 91 Ohio App.3d 840, 843, 633 N.E.2d 1193. More particularly, due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. *Id.,* citing *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 332, 475 N.E.2d 1284.

{¶20} As is stated above, in the case sub judice, the Guardian Ad Litem, on March 17, 2010, filed a Notice with the trial court stating that as of March 17, 2010, appellant had failed to provide the Guardian Ad Litem with "evidence of compliance with the Court's seek work order" and with proof of long term alcohol treatment. After

appellee, on March 24, 2010, filed a Motion to Show Cause asking for an order requiring appellant to appear and show cause why he should not be sentenced for contempt of court, a hearing on such motion was scheduled for April 15, 2010. The March 24, 2010, Judgment Entry scheduling such hearing advised appellant that, if found guilty of contempt, he could be fined or jailed or both.

{¶21} At the April 15, 2010, hearing, appellant's counsel requested an evidentiary hearing "on all these issues so that the defendant (sic)[1] is required to prove these allegations." Transcript at 5. The trial court then proceeded with the April 15, 2010 hearing and, as memorialized in a Judgment Entry filed on April 15, 2010, found appellant in contempt.

{¶22} Appellant now maintains that he was denied due process of law because he was not prepared to go forward with the evidentiary hearing on April 15, 2010, because "standard procedure in the Family Court Division is for the court to schedule a pre-trial for all matters that are set for evidence. Not only should there have been a subsequent hearing for evidence but there should have been an intermittent pre-trial."

{¶23} We find, however that appellant's due process rights were not violated. The trial court's March 24, 2010, Judgment Entry specifically set a hearing for April 15, 2010, on the Motion to Show Cause and ordered appellant to appear on such date and show cause why he should not be held in contempt for failing to seek work and furnish proof of his efforts to do so to the Guardian Ad Litem and for failing to furnish the Guardian Ad Litem with proof of long term alcohol treatment. The Judgment Entry further advised appellant that he could be sent to jail if found in contempt. Thus, appellant had notice of the allegations against him.

---

[1] Counsel clearly meant to refer to appellee.

**{¶24}** Furthermore, appellant had the opportunity to be heard. At issue was whether or not appellant provided the required proof to the Guardian Ad Litem. The Guardian Ad Litem was present at the April 15, 2010, hearing and was available for cross-examination.   As noted by appellee's counsel at the April 15, 2010, hearing, "I can't imagine what else needs to be done other that [the Guardian Ad Litem] testifying to things that he has not received. " Transcript at 5. We note that appellant, who himself testified at the April 15, 2010, hearing,[2] does not argue that he provided the required proof to the Guardian Ad Litem.

**{¶25}** Based on the foregoing, appellant's first assignment of error is overruled.

II

**{¶26}** Appellant, in his second assignment of error, argues that the trial court abused its discretion when it failed to permit appellant to purge his contempt before sentencing him to jail.

**{¶27}** An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶28}** A contempt finding may be civil or criminal in nature. In *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253-254, 416 N.E.2d 610, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:

**{¶29}** "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the

---

[2] We note that appellant's testimony was not transcribed.

character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket* * *since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * *" (Citations omitted.)

{¶30} The sanction for a civil contempt must give the contemnor an opportunity to purge himself of the contempt. *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 461 N.E.2d 1337.

{¶31} We find that the contempt in this case was criminal in nature. The trial court, in its March 24, 2010, Judgment Entry, advised appellant that if he was found in contempt for failing to abide by the trial court's order regarding employment and alcohol treatment, he could be sentenced to jail or fined or both. Subsequently, the trial court, in its April 15, 2010, Judgment Entry, found appellant in contempt and committed him to jail for thirty (30) days "as punishment for violating the Court's order." Because the purpose was to punish appellant, the contempt was criminal in nature and the trial court was not required to give appellant an opportunity to purge his contempt.

{¶32} Appellant's second assignment of error is, therefore, overruled.

{¶33} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Edwards, P.J.

Farmer, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1202

[Cite as *Bourquin v. Freudeman*, 2011-Ohio-1073.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER BOURQUIN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SABRINA FREUDEMAN | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010CA00086 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES