JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Paul Mague, appeals from two rulings made by the trial court; the first denied his motion to modify child support, and the second granted a motion filed by appellee, The Cuyahoga Child Support Enforcement Agency ("CSEA"), to execute sentence for failure to comply with the terms of a purge order. For the reasons set forth below, we affirm in part and reverse in part.
 {¶ 2} On April 19, 1991, mother, Geneva Baker, brought suit against appellant/father, Paul Mague, seeking to establish the paternity between Mague and Baker's minor daughter, Asia. Mague requested genetic testing. On June 6, 1991, a hearing was held at which paternity was established, and Mague consented to a child support order of $52.15 per week/$208.60 per month, beginning June 28, 1991. Mague claims he is also paying another support order on a different child.
 {¶ 3} On January 29, 1998, an administrative hearing was held at CSEA resulting in the modification of the 1991 child support order. On April 22, 1998, the new order was adopted by the trial court increasing the amount of child support to $297.33 per month. Mague's income was imputed at $19,000 per year based on his age, job skills, and work history. An objection to this child support increase was never filed.
 {¶ 4} On April 5, 2000, after a period of non-payment of child support, a motion to show cause was filed by CSEA. On October 2, 2000, after Mague failed to appear for the hearing on the motion to show cause, the trial court issued a warrant for his arrest. On December 28, 2000, Mague appeared in court and requested a continuance in order to obtain counsel.
 {¶ 5} On July 11, 2001, a hearing on the motion to show cause for non-payment of child support took place. The trial court found Mague in contempt and entered judgments for support arrears as of June 30, 2001, in the amounts of $12,011.23 due to Baker and $497.19 due to the Department of Human Services. The trial court further sentenced Mague to 30 days in jail, but suspended the sentence provided Mague complied with the terms of the purge order. The purge order stated that Mague must continue to pay his current support order of $297.33 per month and also pay an additional $20 per month to repay arrearages.
 {¶ 6} On September 13, 2002, CSEA filed a motion to execute the previously suspended 30-day sentence because Mague had failed to comply with the terms of the purge order to make the required payments. On December 20, 2002, the trial court continued this case for review allowing Mague a chance to make all of his support payments in full. On March 3, 2003, Mague filed a motion to modify his current support order.
 {¶ 7} On April 17, 2003, a trial was held on the motion to execute and the motion to modify support. Baker testified that she had not received full or consistent support payments for Asia. Mague testified that he was employed by Arco Heating and Cooling as a delivery driver; however, he had been laid off since February 14, 2003, and was collecting unemployment in the amount of $382 every two weeks.
 {¶ 8} Mague further testified that in 2001, he made $12,000 working for Arco Heating and Cooling, and in 2002, he made $23,000. Mague testified that he knew the total amount of his support obligation; however, the full amount of the obligation was not taken from his pay when he was working for Arco. Mague also testified that he was aware money was owed to CSEA to make up the balance of his past support amount, yet he had not paid that amount. When questioned by the trial court, Mague stated he is able to work 40 hours per week; however, his efforts to find viable work have been unsuccessful.
 {¶ 9} The trial court found that Mague failed without just cause to make the balance of his child support payments and gave him credit for paying roughly 65 percent of the amount owed. The trial court found Mague in contempt and imposed a 10-day, out of a possible 30-day, suspended sentence. The trial court denied Mague's motion to modify support holding, "there is no indication by Mr. Mague that he is not capable of working full-time and therefore the Motion, for want of proof and want of proving a change in circumstances to modify support, is hereby denied." (Tr. at 69).
 {¶ 10} The appellant presents one assignment of error for review:
 {¶ 11} "The trial court abused its discretion by executing sentence against the appellant and denying his motion to modify child support."
 {¶ 12} When reviewing a matter concerning child support issues, the decision of the trial court will not be reversed absent an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144; Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217." The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoffv. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254.
 {¶ 13} The appellant claims the trial court's finding that he had the ability to pay his monthly obligations was an abuse of discretion in light of his reduced hours and subsequent unemployment; therefore, he should not have been found in contempt.
 {¶ 14} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. Peach v.Peach, Cuyahoga App. Nos. 82414, and 82500, 2003-Ohio-5645, at ¶ 37. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. Carroll v.Detty (1996), 113 Ohio App.3d 708, 712. A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible. Burchett v. Miller (1997),123 Ohio App.3d 550, 552. If a party makes a good faith effort to pay support, contempt is not justified. Courtney v. Courtney
(1984), 16 Ohio App.3d 329. The burden to show an inability to pay is on the party being held in contempt. Danforth v.Danforth (Apr. 15, 2001), Cuyahoga App. No. 78010.
 {¶ 15} In the instant matter, the appellant was laid off from his employment with Arco on February 14, 2003. However, while employed with Arco and working 40 hours per week, he failed to pay his complete support obligations or make payments on the prior ordered arrears. In 2002, the appellant made over $23,000, but failed to pay his support obligations, which were calculated based on the appellant earing only $19,000 per year. The appellant further admitted that he knew the amounts being deducted from his pay were not enough to cover his support obligations; however, he did not personally make any extra payments to CSEA to make up the deficiency. The appellant had only been unemployed for a few weeks prior to the date of the hearing; however, he failed, without reason, to pay approximately 35 percent of his support obligation.
 {¶ 16} After reviewing the record, the appellant failed to make a good faith effort to pay his support obligation. Because he failed to purge himself of contempt, the trial court did not abuse its discretion in executing the previously suspended sentence against him. We affirm the trial court's finding of contempt and imposition of the suspended sentence.
 {¶ 17} Next, the appellant claims the trial court abused its discretion by denying his motion to modify his support obligation because he was unemployed. Specifically, the appellant claims the trial court abused its discretion in light of his reduced work hours at Arco, his obligation to pay another child support order, and his subsequent unemployment from Arco.
 {¶ 18} A motion to modify support obligation requires the trial court to determine that circumstances exist that merit a change in the obligation. Bingham v. Bingham (1991),9 Ohio App.3d 191. The moving party must demonstrate a substantial change in circumstances rendering unreasonable an order which once was reasonable. Baker v. Grathwohl (1994), Ohio App.3d 116, 118. If a change in circumstances is shown, the trial court may then make an appropriate modification.
 {¶ 19} R.C. 3119.79 (A) states:
 {¶ 20} "If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall
recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten percent greater than or more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall beconsidered by the court as a change of circumstance substantial enough to require modification of the child support amount." (Emphasis added.)
 {¶ 21} A review of the record indicates the trial court did abuse its discretion in denying the appellant's motion for modification of his support obligation because the trial court failed to conduct a recalculation of the appellant's support obligation to determine if a change in circumstances existed pursuant to R.C. 3119.79(A). We therefore reverse the trial court's ruling denying the motion to modify support and remand this cause for a proper recalculation of the appellant's support obligations.
 {¶ 22} The judgment affirmed in part and reversed in part.
Judgment affirmed in part and reversed in part.
Sweeney and McMonagle, JJ., concur.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.