OPINION
{¶ 1} Defendant Lester A. Murphy appeals a judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, which found him in contempt for failure to pay child support to plaintiff-appellee Laura A. Walters for their minor son Curtis. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THE APPELLANT IN CONTEMPT FOR FAILING TO PAY CHILD SUPPORT WHERE THE EVIDENCE ESTABLISHED THAT THE APPELLANT WAS NOT CAPABLE OF PAYING CHILD SUPPORT."
 {¶ 3} On August 20, 2003, in a prior action, the Ashland County Child Support Enforcement Agency filed a motion for contempt against appellant alleging he had failed to pay child support and seek work, and had failed to keep the agency notified of his employment status, in violation of a judgment entered on June 6, 2003. The matter was referred to a magistrate, who conducted a hearing and found appellant in contempt. Appellant objected to the magistrate's decision, arguing he cannot read or write, did not have a driver's license, and had no income. The court overruled appellant's objections and adopted the magistrate's decision. Subsequently, the trial court denied appellant's request to appoint counsel to represent him on appeal, and this court affirmed the trial court's decision in Walters v. Murphy (December 2, 2004), Ashland App. No. 04COA044.
 {¶ 4} From January, 2004 to August, 2005, appellant submitted doctor's excuses and Ashland County CSEA did not enforce the child support order. In November 2005, CSEA filed a second motion for contempt alleging appellant had again *Page 3 
failed to pay child support, seek work, or notify CSEA of his employment status. Once again, appellant defended on the grounds he is unable to read or write, and does not have a valid driver's license. Appellant also alleged he suffers from arthritis, stomach problems, and pain, and his home is in a remote area where there are no jobs for a person without transportation. Appellant testified he has applied for Social Security Disability, but at the time of the hearing Social Security had not made a determination.
 {¶ 5} The trial court found appellant to be in contempt for willfully violating the orders of the court in not paying child support or complying with the seek work order. The court sentenced appellant to 60 days in the Ashland County Jail, and taxed court costs against him.
 {¶ 6} The burden in a contempt proceeding is initially on the party alleging the contempt, but once a prima facia showing has been made by clear and convincing evidence, the defending party must rebut the allegations or establish an affirmative defense by a preponderance of the evidence, Haynes v. Kaiser (October 18, 1996), Geauga App. No. 96-G-1984, citing Pugh v. Pugh (1984), 15 Ohio St. 3d 136, 140.
 {¶ 7} An appellate court's standard of review of a trial court's finding of contempt is the abuse of discretion standard, State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St. 3d 69, 573 N.E. 2d 62. The Supreme Court has frequently defined the term abuse of discretion as unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140.
 {¶ 8} In the instant case, appellant does not contest appellee established a prima facia case for contempt, and he concedes he did not comply with the prior order. *Page 4 
Instead, appellant argues he was not in willful contempt of the court's order because he was unable to comply.
 {¶ 9} A defendant cannot shield himself from a finding of contempt by making mere allegations he is unable to pay, without any supporting evidentiary material, see Spring v. Spring (April 17, 1996), Tuscarawas App. No. 95AP080058. At a minimum, a defendant should present evidence he had made a good-faith effort to comply with the court's order, seeStocker v. Couts (March 13, 1995), Tuscarawas App. No. 94AP070046.
 {¶ 10} The record indicates appellant submitted only two completed seek work forms, one in December, 2003 and one in January, 2004. Although appellant argued his medical condition prohibits him from working, he also testified his current doctor would not give him a statement that he was unable to work. Appellant conceded he does have some income from sporadic employment.
 {¶ 11} We find the trial court did not abuse its discretion in determining appellant was in willful contempt of the court's previous orders.
 {¶ 12} The assignment of error is overruled. *Page 5 
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, is affirmed. Costs to appellant.
 HON. W. SCOTT GWIN, HON. WILLIAM B. HOFFMAN, HON. JULIE A. EDWARDS. *Page 1