BYRD ET AL., APPELLEES, *v.* KNUCKLES, APPELLANT.

[Cite as *Byrd v. Knuckles,* 120 Ohio St.3d 428, 2008-Ohio-6318.]

(No. 2007–1913—Submitted September 30, 2008—Decided December 11, 2008.)

———

PFEIFER, J.

{¶ 1} The issue in this case is whether the parties to a child-support order can agree to modify a child-support arrearage. For the reasons that follow, we conclude that they can, and we reverse the judgment of the court of appeals.

## Background

{¶ 2} Appellee Christina Byrd Reeder and appellant, Brian K. Knuckles, are the biological parents of a child. Knuckles was ordered to pay child support and

ultimately owed a child-support arrearage of $7,420.16. Reeder and Knuckles agreed that Reeder would renounce half the arrearage and that Knuckles would consent to the adoption of their child by Brad Reeder, Reeder's husband. After the adoption, the child-support order was terminated, and Knuckles filed a motion to abate half the arrearage, in accordance with the agreement. The juvenile court denied the motion, relying on R.C. 3119.83, which states that "a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment." The court of appeals affirmed, concluding that the juvenile court had not abused its discretion. We accepted Knuckles's discretionary appeal.

## Analysis

{¶ 3} The juvenile court concluded that the agreement between Reeder and Knuckles was prohibited by R.C. 3119.83, which states, "Except as provided in Section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment." Several factors convince us that this section of the Revised Code should not be read in the restrictive manner used by the juvenile court.

{¶ 4} R.C. 3119.84, the exception to R.C. 3119.83, states, "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered." This provision plainly states that a court may retroactively modify a child-support payment that became due after the obligee of the order had notice of the petition to modify the support order. In this case, not only did Reeder receive notice of the petition to modify the support order, she did not contest the petition in juvenile court, in the court of appeals, or before this court. It is clear to us that R.C. 3119.83 and 3119.84 do not categorically prohibit juvenile courts from modifying support orders. See *Nelson v. Nelson* (1990), 65 Ohio App.3d 800, 805, 585 N.E.2d 502 ("this court is cognizant that, in certain situations, equitable principles and equitable defenses, when established by a proper evidential predicate, may be applicable, which would permit the parents to enter into an extrajudicial agreement that may have retroactive application regarding child support").

{¶ 5} Further, nothing in R.C. 3119.83 or any other part of the statutory scheme indicates that it is intended to nullify reasonable agreements reached by the parties to a child-support order. R.C. 3119.83 prohibits judges from retroactively modifying child-support orders; it does not prohibit parties from agreeing to modify child-support orders. See United States Department of Health and Human Services, Administration for Children and Families, Office of Child Support Enforcement, Policy Interpretation Question PIQ–99–03, Compromise of

Child Support Arrearages (Mar. 22, 1999) (child-support arrearages may be compromised by the parties, but judicial "retroactive modification of arrearages * * * without the concurrence of the obligee (or State assignee) * * * is expressly prohibited").

{¶ 6} Finally, pursuant to R.C. 3123.18, when a court has determined that a child-support obligor is in default under a support order, the arrearage becomes a "final judgment which has the full force, effects, and attributes of a judgment." Appellee Clermont County Department of Job and Family Services and both amici, Butler County Child Support Enforcement Agency and the Ohio Child Support Directors' Association, argue that the child-support arrearage in this case is a judgment and, therefore, that the parties should be free to compromise it. See Sowald & Morganstern, Domestic Relations Law (4th Ed.2002) 993, 20:27 ("As a general rule, arrearages may be forgiven by the obligee as long as public assistance is not involved"). In this case, which does not involve public assistance, we conclude that the judgment, like any other judgment in Ohio, can be compromised and settled. See Columbiana Cty. Bd. of Commrs. v. Samuelson (1986), 24 Ohio St.3d 62, 63, 24 OBR 142, 493 N.E.2d 245; Gholson v. Savin (1941), 137 Ohio St. 551, 560–562, 19 O.O. 309, 31 N.E.2d 858.

{¶ 7} Nothing in this opinion should be construed to require judges to accept all agreements regarding the modification of child-support arrearages that are presented to them. There could be situations in which agreements are unreasonable, made under duress, or otherwise flawed. It is clear in this case, however, that the agreement between Reeder and Knuckles suffers from none of these defects. To the contrary, the agreement facilitated the adoption of their child by Reeder's husband. We reverse the judgment of the court of appeals and remand the cause to the juvenile court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Edward E. Santen, Theresa B. Ellison, and Gayle A. Walker, for appellee Clermont County Department of Job and Family Services, Division of Child Support Enforcement.

George Pattison, for appellant.

Amy S. Roehrenbeck and Kimberly C. Newsom Bridges, urging reversal for amicus curiae Ohio Child Support Directors' Association.

Greg Sauer and Brian J. Davidson, urging reversal for amicus curiae Butler County Child Support Enforcement Agency.