[Cite as *Campbell v. Pryor*, 2011-Ohio-1222.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINDA CAMPBELL | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010CA00231 |
| JOHNNIE PRYOR | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Juvenile Division, Case
                             Nos. J-JU60160/J-JU60161


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      March 7, 2011


APPEARANCES:

For Appellant:                      For Appellee:

JOHN A. DANKOVICH                   KIMBERLY HOPWOOD
Stark County Public Defender        Stark County Job and Family Services
200 W. Tuscarawas St., Suite 200    P.O. Box 21337
Canton, OH 44702                    Canton, OH 44701

*Delaney, J.*

{¶1} Defendant-Appellant Johnnie Pryor appeals the August 5, 2010 and August 13, 2010 judgment entries of the Stark County Court of Common Pleas, Juvenile Division.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant is the father of two children, R.C. born on May 30, 1982 and M.C. born on October 3, 1984. The mother is Linda Campbell. The parties were not married. In 1986, Appellant was ordered to pay child support for his two children in Case Nos. JU 60160 and JU 60161. The children are now emancipated.

{¶3} On February 19, 2010, the Stark County Child Support Enforcement Agency (CSEA) filed a Motion to Show Cause in both cases as to why Appellant should not be held in contempt for his failure to pay child support. In support of the motion in Case No. JU 60161, Linda Campbell submitted an affidavit that stated Appellant had failed to pay support in the amount of $127.00 per month and had failed to seek work. As a result, Appellant had created an arrearage of $3,449.58 through December 31, 2009. In Case No. JU 60160, Linda Campbell attested that Appellant was to pay child support in the amount of $128.70 per month and by Appellant's failure to do so or seek work, he had incurred an arrearage in the amount of $12,130.83 as of December 31, 2009.

{¶4} The motions came on for trial before the Magistrate on June 8, 2010. At the start of the hearing, the Magistrate acknowledged there were two child support cases before the court. Linda Campbell was not present for the hearing. Appellant moved to dismiss the motions for Ms. Campbell's failure to appear, but the Magistrate

denied the motion. Appellant testified at the hearing that he was aware of his child support orders and seek work orders. Since the original imposition of the child support orders, Appellant was incarcerated, homeless after his release prison, and currently resided with his girlfriend who paid his expenses. Appellant was attending Stark State College full time, but not working. Appellant testified that he was told by Community Action that by attending school, he complied with his seek work orders. After the presentation of the evidence, the Magistrate issued a Magistrate's Order that found Appellant guilty of contempt for his failure to pay child support as ordered and sentenced Appellant to 30 days in jail. The Magistrate set the matter for an imposition hearing before the trial court judge on August 5, 2010. The Order further stated that Appellant could purge the contempt by paying the arrearages in full prior to imposition.

{¶5} The imposition hearing went forward before the trial court judge on August 5, 2010. Appellant moved to dismiss the motions or suspend the jail time to permit Appellant time to comply with the orders. Ms. Campbell also appeared at the imposition hearing and requested that the trial court not impose jail time. The trial court denied the motion. The trial court sentenced Appellant to 30 days in jail on each case, to be served concurrently. The judgment entry stated that the trial court would consider an early release upon CSEA's request and evidence that Appellant has made a substantial effort to comply.

{¶6} On August 6, 2010, Appellant paid $100.00 on each case. Appellant filed a Motion to Suspend the remainder of the sentence based on Appellant's substantial compliance. The trial court denied the motion on August 13, 2010.

{¶7} It is from these decisions Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶8}   Appellant raises six Assignments of Error:

{¶9}    "I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE ACTION UPON THE FAILURE OF THE PLAINTIFF TO APPEAR AT TRIAL.

{¶10} "II. THE TRIAL COURT ERRED BY FAILING TO DEFINE WHETHER THE DEFENDANT-APPELLANT WAS FOUND IN CIVIL OR CRIMINAL CONTEMPT.

{¶11} "III. IF THE TRIAL COURT FOUND THE DEFENDANT-APPELLANT GUILTY OF CRIMINAL CONTEMPT, THE TRIAL COURT FAILED TO FIND THE DEFENDANT-APPELLANT GUILTY BEYOND A REASONABLE DOUBT.

{¶12} "IV. IF THE TRIAL COURT REASONABLY DECLARED THE DEFENDANT-APPELLANT GUILTY OF CIVIL CONTEMPT, THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROVIDE DEFENDANT-APPELLANT A REASONABLE PURGE CONDITION.

{¶13} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS THE ACTION AT THE PLAINTIFF'S REQUEST.

{¶14} "VI. IT WAS PLAIN ERROR FOR THE JUDGE TO IMPOSE A HIGHER TERM THAN WAS SENTENCED."

**I.**

{¶15} In his first Assignment of Error, Appellant argues the trial court erred in failing to dismiss the motions for show cause because Ms. Campbell failed to appear at trial.  We disagree.

{¶16}  Appellant does not argue that the CSEA was without standing to bring the motions for show cause for Appellant's failure to pay child support, but rather the matter

should not have proceeded without Ms. Campbell, the injured party. In this case, it was uncontested that child support orders existed and Appellant did not comply with the child support orders. In support of the motions to show cause, Ms. Campbell submitted two affidavits stating that she was the Obligee in Case Nos. JU 60160 and JU 60161 and Appellant, the Obligor, owed Ms. Campbell approximately $15,000 in child support. Penny Pelfrey with the Stark County Department of Job and Family Services Child Support Division testified at the June 18, 2010 trial that Ms. Campbell had the choice of whether to sign the affidavits in support of the motions to show cause. (June 18, 2010 Trial, p. 11).

{¶17} We find no error for the Magistrate to proceed with the trial without the presence of Ms. Campbell based on sufficient evidence before the court provided by the record and the uncontroverted testimony that obligations and arrearages existed.

{¶18} Appellant's first Assignment of Error is overruled.

## II., III.

{¶19} Appellant argues in his second Assignment of Error that the trial court erred in not defining Appellant's contempt as criminal or civil in nature. Contempt has been defined as the disregard for judicial authority. *State v. Flinn* (1982) 7 Ohio App.3d 294, 455 N.E.2d 691. Indirect contempt occurs when a party engages in conduct outside the presence of the court that demonstrates a lack of respect for the court or its lawful orders. *Bierce v. Howell,* Delaware App. No. 06CAF050032, 2007-Ohio-3050, ¶ 16. A contempt finding may be civil or criminal in nature. In *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253-254, 416 N.E.2d 610, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:

{¶20} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment.  * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt.  Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket* * *since he will be freed if he agrees to do as ordered.  Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence.  Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.  * * *" (Citations omitted.)  *Anderson v. Cameron*, Stark App. No. 2008CA00042, 2009-Ohio-601, ¶13-14 citing *Graber v. Siglock,* Stark App. No.2000CA00176, 2002-Ohio-6177.

{¶21} We recently addressed the nature of a child support contempt finding in *Faulkner v. Pegram*, Stark App. No. 2010CA00022, 2010-Ohio-6614.  In that case, the Magistrate found the appellant in contempt for his failure to pay child support.  The Magistrate's Order sentenced the appellant to 30 days in jail and did not state any purge conditions in the Order.  The matter went to an imposition hearing before the trial court judge and the resulting judgment entry also did not contain any purge conditions. Based on the lack of purge conditions, the majority found that the nature of contempt in that case to be indirect criminal contempt, rather than indirect civil contempt because the trial court sentenced the appellant to an unconditional prison sentence.  Id. at ¶ 16.

{¶22} In the present case, the Magistrate's Order states that Appellant may purge his contempt by paying his arrearages in full prior to the imposition hearing. (Magistrate's Order, June 18, 2010).  The August 5, 2010 judgment entry states that the

trial court will consider early release upon CSEA's request and evidence that Appellant made a substantial effort to comply. The punishment in this case is conditional and therefore, civil contempt.

{¶23} Appellant's second Assignment of Error is overruled.

{¶24} Appellant's third Assignment of Error is based on this Court's determination that the trial court found Appellant guilty of criminal contempt. Based on our finding above, we find Appellant's third Assignment of Error to be moot.

**IV.**

{¶25} Appellant argues in his fourth Assignment of Error that the trial court abused its discretion in failing to set a reasonable purge condition. The June 18, 2010 Magistrate's Order stated that Appellant could purge his contempt by paying the child support arrearages in full. In the August 5, 2010 judgment entry, the trial court stated that it would consider early release upon CSEA's request and evidence that Appellant made a substantial effort to comply. On August 6, 2010, Appellant paid $100.00 towards the arrearage on each case and requested release from prison. The trial court denied the request.

{¶26} "A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. *Peach v. Peach,* Cuyahoga App. Nos. 82414 and 82500, 2003-Ohio-5645, at ¶ 37. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 712, 681 N.E.2d 1383. A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible. *Burchett v. Miller* (1997), 123 Ohio App.3d 550, 552, 704 N.E.2d 636. If a party makes a good

faith effort to pay support, contempt is not justified. *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 475 N.E.2d 1284. The burden to show an inability to pay is on the party being held in contempt. *Danforth v. Danforth* (Apr. 15, 2001), Cuyahoga App. No. 78010." *Farrell v. Farrell,* Licking App. No.2008-CA-0080, 2009-Ohio-1341, ¶ 15 citing *Baker v. Mague,* Cuyahoga App. No. 82792, 2004-Ohio-1259, ¶ 14.

{¶27} The following evidence was adduced at the June 18, 2010 trial. Appellant was released from prison in 2002. After prison, Appellant was homeless for a period of time. Since 2008, Appellant has been a student in the auto technician program at Stark State College. Appellant currently resides with his girlfriend who pays his expenses. Appellant receives food stamps. Appellant has applied for jobs, but felt that he could not work while attending school. He further testified that he was told by a Robert Prince with Stark Community Action that if he was attending school, he was in compliance with the seek work orders.

{¶28} CSEA states that over the life of the child support orders, Appellant has paid $14,816.85 and $13,253.10 on each case. The Magistrate found that in Case No. JU 60160, Appellant did not pay support from September 1989 to December 1990, December 1994 to March 1996, and from March 1997 to the present, except for two small payments. In Case No. JU 60161, Appellant did not pay child support from January 1990 to November 1990, December 1994 to March 1996, and from September 1997 to the present, except for a few small payments. As stated above, the resulting arrearages were approximately $3,449.58 and $12,130.83 for the two cases.

{¶29} Based on the record before us, we find the purge condition of "substantial effort to comply" with the child support order to be reasonable and not an abuse of the

trial court's discretion. Appellant demonstrated his good efforts at receiving a higher education, but he could not explain to the satisfaction of the trial court why he could not also work to meet his acknowledged obligations to pay child support. It is Appellant's burden to show his inability to pay. We further find no abuse of discretion in the trial court's determination that Appellant's payment of $100.00 towards the arrearage in each case to not be a substantial effort to comply considering the amount of the arrearages and that these orders have been in place since 1986.

{¶30} Appellant's fourth Assignment of Error is overruled.

**V.**

{¶31} In his fifth Assignment of Error, Appellant contends that the trial court should have dismissed the motions to show cause at Ms. Campbell's request made at the August 5, 2010 trial. We disagree.

{¶32} Appellant argues that because Ms. Campbell stated that she did not wish to pursue Appellant for the arrearages, the matter should have been dismissed. The trial court denied Ms. Campbell's request. In *Byrd v. Knuckles*, 120 Ohio St.3d 428, 2008-Ohio-6318, 900 N.E.2d 164, the Ohio Supreme Court held that an obligor and an obligee can modify a child support arrearage through a separate agreement. The Court further held that the trial court does not have to accept all agreements to modification because they could be unreasonable, made under duress, or otherwise flawed. Id. at ¶ 7.

{¶33} We find in this case, there was no evidence of an agreement between Appellant and Ms. Campbell for the arrearages. The trial court's determination that Ms.

Campbell's "modification" was unreasonable is supported by the trial court's sound public policy reasons for the consistent enforcement of child support obligations.

{¶34} Appellant's fifth Assignment of Error is overruled.

**VI.**

{¶35} Appellant argues in his final Assignment of Error that it was plain error for the trial court to sentence Appellant to two 30-day terms in jail, to be served concurrently. We disagree.

{¶36} Appellant is subject to two child support obligations under Case Nos. JU 60160 and JU 60161. On February 19, 2010, the CSEA filed a motion to show cause in each case, with separate affidavits alleging the amount of arrearage. At the June 18, 2010 trial before the Magistrate, the Magistrate acknowledged that Appellant was subject to two separate child support orders. In the June 18, 2010 Magistrate's Order, the Magistrate sentenced Appellant to one 30-day term of prison. After the imposition hearing held before the trial court, the trial court sentenced Appellant to two 30-day terms in prison.

{¶37} We find no error in the trial court's sentence because Appellant was found to be in contempt of both child support obligations under Case Nos. JU 60160 and JU 60161. We further find no error based on Judge Edwards' separate concurrence in *Faulkner v. Pegram*, supra:

{¶38} "I write separately only to point out that the Magistrate's report, issued on November 6, 2009, and filed on November 10, 2009, is designated by the Magistrate as an 'order.' But, the only portion of that report that should have been designated as an order is the order for Darnell Pegram to appear before the court (the Judge) for an

imposition of sentence hearing.  Pursuant to Juv. R. 40(D)(2)(a)(i),… 'a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party.'  (Emphasis added).

{¶39} "Therefore, I find that the 'order' of the Magistrate to sentence Darnell Pegram to jail was invalid because the Magistrate lacked the authority to issue such an order." Id. at ¶ 21-22.

{¶40}  In the present case, the June 18, 2010 entry is also a "Magistrate's Order." The Magistrate is without authority to sentence Appellant, but can recommend a sentence to the trial court for the imposition hearing.  In this case, the trial court was within its authority to impose two 30-day jail terms because the Appellant was found in contempt on both cases.

{¶41}  Appellant's final Assignment of Error is overruled.

{¶42} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, J., and

Wise, J. concurring separately; and

Edwards, P.J. dissenting.

<br>

_____
 HON. PATRICIA A. DELANEY

<br>

_____
 HON. JULIE A. EDWARDS

<br>

_____
 HON. JOHN W. WISE

WISE, J., CONCURRING

{¶43} I concur with Judge Delaney's opinion and decision to affirm. I write separately to emphasize that I indeed have reservations about the utilization of a magistrate's "order" (as opposed to a "decision") under Juv.R. 40 to render a contempt sentence; however, I am unable to join Judge Edwards' dissent in concluding that this makes the contempt determination and sentence void.

_____

JUDGE JOHN W. WISE

EDWARDS, J., DISSENTING OPINION

{¶44}  I respectfully dissent from the analysis and disposition of this case by the majority.

{¶45}  I would vacate the judgment entry and remand this matter to the trial court for further proceedings.

{¶46}  I would vacate the judgment entry because I find that the trial court did not have jurisdiction to "impose" the jail sentences.

{¶47}  The Magistrate conducted a trial on June 18, 2010, took testimony and issued an "Order" finding the appellant guilty of contempt for failing to pay child support and sentencing him to 30 days in jail.  The Magistrate further ordered the appellant to appear for imposition of sentence at a later date and indicated that he could purge his contempt by paying the arrearages in full prior to imposition. The Magistrate circled the word "Order" on the preprinted form.  The preprinted form also has a notice at the bottom which states:

{¶48}  "NOTICE: A party may, pursuant to Ohio Juvenile Rule 40 file a written motion to set aside a Magistrate Order within ten (10) days of the order.  Objections to a Magistrate Decision may be filed within fourteen (14) days of the filing of the decision. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in this decision unless the party timely and specifically objects to that finding or conclusion as described herein.  The Court, having made an independent analysis of the issues and the applicable by [sic] law hereby approves and adopts the Magistrate Decision and orders it to be entered as a matter of record."

{¶49}   The Judge assigned to the case never signed the Magistrate's Order.

{¶50} On the date set for the imposition hearing, the Judge imposed the 30 day jail sentence after making some findings including the finding that the Magistrate found appellant's compliance lacking and his inability to pay defense to be not credible. It appears from the Judge's order that he accepts the Magistrate's "Order" of June 18, 2010, as an order and imposes the sentence ordered by the Magistrate.

{¶51} I find that the Magistrate did not have jurisdiction to make either a finding of contempt nor a sentencing order pursuant to Juvenile Rule 40(D)(2)(a). Magistrate orders become court orders without a Judge's approval after 10 days if no party files a Motion to Set Aside. By rule, the authority of a Magistrate to issue orders is limited.

{¶52} The Magistrate is not the Court. The Judge is the Court. Generally, a Magistrate can only render decisions which are, in effect, recommendations to the court. "Orders" are exceptions set forth by Rule. Recommendations only become effective if a judge approves, adopts and incorporates them as court orders. A litigant has 14 days to object to a Magistrate's Decision and must object in order to preserve certain issues for appeal. But, even absent objection, the Judge must examine the Magistrate Decision and must approve, adopt and incorporate it before it becomes a court order.

{¶53} In the case sub judice, the Judge imposes a sentence already issued by a Magistrate Order. A Magistrate does not have the authority to make a finding of contempt and does not have authority to sentence pursuant to Juv. R. 40(D)(2)(a)(i). The finding and sentence have no force and effect and are void.

{¶54} Therefore, the court lacked jurisdiction to impose a void sentence which was also based on an invalid finding of contempt.

{¶55} One could argue that my conclusion elevates form over substance and that the trial court treated the Magistrate's Order as a Decision and implicitly approved, adopted and incorporated that Decision as the court's order. But, I would have to disregard the wording of the Magistrate's order, the labeling of the Magistrate's order as an order, the trial court's imposition of the sentence ordered by the Magistrate and the failure of the court to ever sign on the line on the court's forms located below the language: "The court, having made an independent analysis of the issues and the applicable by [sic] law hereby approves and adopts the Magistrate's Decision and orders it to be entered as a matter of record."

{¶56} In addition, the litigants only receive notice that the Magistrate's document is an "order." This label does not alert the litigants that they have fourteen days to object and failure to object could result in loss of rights on appeal. The "order" label only alerts litigants that they have 10 days to file a Motion to Set Aside.

{¶57} I recently reviewed the Stark County Family Court's procedures in the case of *Faulkner v. Pegram*, Stark App. No. 2010CA00022, 2010-Ohio-6614. As the majority has pointed out, I found the order issued by the Magistrate in that case to sentence Mr. Pegram to jail "was invalid because the magistrate lacked authority to issue such an order."

{¶58}  In that case, I indicated that the Judge could, in fact, sentence Mr. Pegram if the court allowed Mr. Pegram a sentencing hearing.  The dissent I have written in the case sub judice goes further and says that the court cannot sentence if the contempt finding itself is invalid.  I find my current position to be the legally correct position and a change from my previous position.


_____

Judge Julie A. Edwards

[Cite as *Campbell v. Pryor*, 2011-Ohio-1222.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINDA CAMPBELL | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHNNIE PRYOR | : | |
| | : | |
| | : | Case No. 2010CA00231 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. JOHN W. WISE