[Cite as *Haas v. Myers*, 2016-Ohio-3316.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALEXANDER HAAS | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA00217 |
| | : | |
| LINDSEY MYERS | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2010JCV00817

JUDGMENT:       AFFIRMED

DATE OF JUDGMENT ENTRY:       June 6, 2016

APPEARANCES:

For Plaintiff-Appellant:

ROBERT G. ABNEY
116 Cleveland Ave. NW
Suite 500
Canton, OH 44702

For Defendant-Appellee:
KIMBERLY R. HOPWOOD
STARK CO. J.F.S.
122 Cleveland Ave. NW
Canton, OH 44702
RAYMOND BULES
101 Central Plaza South
300 Chase Tower
Canton, OH 44702

*Delaney, J.*

{¶1}   Plaintiff-appellant Alexander Haas appeals from the November 25, 2015 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division. Defendant-appellee is Lindsey Myers.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Appellant and appellee have never been married and have two children together.

{¶3}   In July 2010, appellant was ordered to pay child support of $869.37 per month plus cash medical of $139.17 per month.  These amounts were determined based upon appellant's statements on a loan application and appellee's receipt of public assistance.

{¶4}   An arrearage was immediately created because the child support order was backdated to the date of filing.

{¶5}   On June 1, 2012, Stark CSEA administratively recommended reduction of the order of support to $342.00 monthly with cash medical of $0.

{¶6}   Appellee requested an administrative hearing.  The administrative officer used the income stated on the loan application, added appellee's income, and applied the Ohio Support Guidelines, establishing the child support order at $776.85 per month plus cash medical at $162.25 per month.

{¶7}   Appellant objected to the administrative decision and requested an arrearage calculation.  The latter motion was subsequently withdrawn.  By Judgment Entry dated February 13, 2013, the trial court refused to allow appellant to proceed with

his objections due to his willful failure to comply with discovery orders requiring disclosure of his income.

{¶8} On July 19, 2013, appellant filed a motion for equitable reduction in child support arrearage amount.

{¶9} On August 7, 2013, appellant was found guilty of contempt and sentenced to a jail term of 30 days. The trial court found appellant offered only self-serving opinions as to his income; admitted he signed a loan application declaring income of $4500/month; offered no evidence that the amounts used by CSEA were incorrect; and provided no justification for deviation from child support guidelines. To purge the contempt, appellant was ordered to make regular payments consistent with Stark CSEA regulations. The arrearage was determined to be $23,280.60.

{¶10} On June 16, 2014, Stark CSEA filed a motion to show cause.

{¶11} On October 15, 2014, a magistrate found appellant in contempt, noting appellant was not paying his full child support obligation and was instead paying $350 – 375 per month, "what he feels is appropriate." The magistrate imposed a jail term of 30 days; to purge this finding, appellant was ordered to make full court-ordered child support payments for a period of one full year. The arrears now totaled $26,098.90.

{¶12} Appellant objected to the magistrate's decision and appellee responded with a brief in opposition.

{¶13} On February 2, 2015, appellant filed a motion to modify child support. This motion was later dismissed by the trial court because appellee was not served.

{¶14} On March 24, 2015, the trial court found appellant paid the full amount of two months' support. The jail term was suspended with the finding appellant could purge

the contempt by paying 12 months' current child support, cash medical, and $100.00 per month on the arrearage.

{¶15} On August 24, 2015, Stark County CSEA filed a motion to impose the suspended jail term arguing appellant paid as ordered for six months then again reduced his payment to one-half the order of support.

{¶16} On November 20, 2015, appellant filed, e.g., a motion to modify child support and a motion to rule upon his prior motion for equitable reduction in child support arrearage.

{¶17} On November 25, 2015, the trial court found appellant failed to make payments as ordered in the entry of March 24, 2015. Appellant was ordered to serve four days of the 30-day jail term and the balance was suspended.

{¶18} Appellant now appeals from the trial court's Judgment Entry dated November 25, 2015.

{¶19} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶20} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT FAILED TO PURGE HIS CONTEMPT."

{¶21} "II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO FOUR DAYS IN JAIL."

**ANALYSIS**

I.

{¶22} In his first assignment of error, appellant argues the trial court erred in finding he failed to purge his contempt because the purge condition was invalid. We disagree.

{¶23} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *Anderson v. Cameron*, 5th Dist. Stark No. 2008CA00042, 2009-Ohio-601, ¶ 12, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶24} In *Campbell v. Pryor*, 5th Dist. Stark No. 2010CA00231, 2011-Ohio-1222, at ¶ 26, we observed,

> A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. *Peach v. Peach,* 8th Dist. Cuyahoga Nos. 82414 and 82500, 2003–Ohio–5645, ¶ 37. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. *Carroll v. Detty*, 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.1996). A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible. *Burchett v. Miller*, 123 Ohio App.3d 550, 552, 704 N.E.2d 636 (1997). If a party makes a good faith effort to pay support, contempt is not justified. *Courtney*

*v. Courtney*, 16 Ohio App.3d 329, 344, 475 N.E.2d 1284 (3rd Dist.1984). The burden to show an inability to pay is on the party being held in contempt. *Danforth v. Danforth*, 8th Dist. Cuyahoga No. 78010, 2009-Ohio-1341 (Apr. 15, 2001)." *Farrell v. Farrell,* Licking App. No.2008–CA–0080, 2009–Ohio–1341, ¶ 15, citing *Baker v. Mague,* Cuyahoga App. No. 82792, 2004–Ohio–1259, ¶ 14.

{¶25} The trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible. *Protz v. Protz*, 5th Dist. Stark No. 2009CA00270, 2010-Ohio-2502, ¶ 19, citing *In re Purola*, 73 Ohio App.3d 306, 313, 596 N.E.2d 1140 (3rd Dist.1991).

{¶26} Appellant argues the purge condition imposed by the magistrate on October 15, 2014 was invalid. Appellant was ordered to make full court-ordered child support payments for a period of one full year. Appellant argues this condition was invalid because purge conditions that require contemnors to pay their already-ordered obligations are invalid and do not provide a meaningful opportunity to purge a finding of contempt.

{¶27} In *Kungle v. Kungle*, we found that a trial court's decision to "hold over" a contempt finding from 2001 to the final imposition of sentence in 2006 was improper because it effectively "amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination." 5th Dist. Stark No. 2006CA00367, 2007-Ohio-4929, ¶ 20, citing *Tucker v. Tucker*, 10 Ohio App.3d 251, 461 N.E.2d 1337 (10th Dist.1983) [failure to perform future acts cannot be found to constitute a failure to

purge a contempt finding based upon past acts]. Appellant argues the purge condition imposed by the magistrate is invalid pursuant to *Kungle*.

{¶28} Appellee acknowledges the original purge order by the magistrate was invalid because it was merely a reaffirmation of its previous support order. *State ex rel. Brett v. Brett*, 5th Dist. Knox No. 01CA000018, 2002-Ohio-1841, 2002 WL 561934, *3. However, the trial court remedied the improper condition with the additional requirement of paying $100 per month toward the arrears. In *Sidwell v. Sidwell*, the Tenth District distinguished the facts of a similar case from *Tucker*, supra, "because the trial court's purge condition in the case before us, in addition to providing for continued payment of his ongoing child support obligation, required appellant to purge his past failure to make child support payments by liquidating the accumulated arrearage at the rate of $100 per month." *Sidwell v. Sidwell*, 10th Dist. Franklin No. 96APF06-828, 1997 WL 101680, *2 (Mar. 4, 1997).

{¶29} In the instant case, appellant objected to the magistrate's decision of October 15, resulting in the hearing that was held before Judge Campbell on March 20, 2015 and the order of March 24, 2015. At the hearing, CSEA noted appellant sold a motorcycle to pay the current order of support for two months, therefore it was not requesting imposition of jail time. Appellant expressed concern that he would not be able to keep up with the payments as ordered but had filed a new motion for modification that might reduce the amount to one he was able to pay. In the resulting judgment entry of March 24, 2015, the trial court suspended the jail term on the condition that appellant "pay [ ] 12 months current child support, cash medical an[d] 100 dollars on th[e] arrearages."

{¶30} As noted supra, appellant's pending motion to modify support was dismissed because it wasn't properly served.

{¶31} When the trial court imposed the 4-day jail term on November 25, 2015, it was because appellant failed to meet the purge conditions of the March 24 judgment entry. We disagree with appellant's argument here that he was faced with "multiple purge conditions." Upon our review of the transcript of the March 20, 2015 hearing and the resulting order, it is evident appellant was subject to one purge condition as noted in the order: "pay[ ] 12 months current child support, cash medical an[d] 100 dollars on th[e] arrearages." While the entry out of context appears ambiguous with regard to the "100 dollars on the arrearages," we note the following exchange on the record at the March 20 hearing:

> * * * *.
>
> THE COURT: * * * *. You understand? Do you have any questions? Do you want to talk to your attorney for a minute before we finish?
>
> [APPELLANT]: That, can I ask, just ask for a point of clarification from the opposing counsel?
>
> THE COURT: You can ask the question, whether she'll answer, I don't know.
>
> [APPELLANT]: Ah…so, is it if I'm able to pay the support payment, plus the cash medical, plus the standard amount on the arrearages, **which is a hundred dollars more a month**, then for twelve months starting in uh…May?

[CSEA COUNSEL]: (Agreeing).

[APPELLANT]: Then if that amount is paid for twelve months, then I never risk going to jail for this?

[CSEA COUNSEL]: No. My finding, the, the first part of your question is and I did the math. If you pay * * * one thousand, ninety-nine, fifty-six for twelve months, my finding of contempt poofs away.

[APPELLANT]: Could you re-file for contempt?

[CSEA COUNSEL]: Yes, I could.

[APPELLANT]: Okay.

[CSEA COUNSEL]: But it would poof away. But if you pay eight, sixteen or eight-seventeen as you're doing, I'm not going to file another motion to impose because I know what you're doing. You're paying the current order of support. I am going to utilize my other remedies [including taking any large lump sums and applying them toward the arrears.]

* * * *.

THE COURT: Alright. The Court will adopt the recommendation of the [CSEA]. **We'll find you can purge the contempt by virtue of paying the eight-sixteen, one hundred dollars and the hundred and sixty-two, twenty five [plus poundage].**

* * * *.

[APPELLANT]: * * *. [If] the amount is lowered, do I need to pay the lower amount or continue to pay the eight, sixteen?

* * * *.

THE COURT: * * * *. If that number goes down in the calculation, your obligation, **other than the one hundred dollars** would be adjusted accordingly.

[APPELLANT]: Okay.

THE COURT: Okay? The hundred dollars on the arrears is just there. And as long as you make that they're not going to chase you around.

* * * *.

T. (March 20, 2015), 12-15 (emphasis added).

{¶32} We thus find the trial court issued a valid purge condition. Appellee established a valid child support order existed, appellant had knowledge of the order, and failed to pay. Appellant's failure to establish inability to pay is discussed infra. Appellant's first assignment of error is overruled.

II.

{¶33} In his second assignment of error, appellant argues the imposition of four days of the 30-day jail term is an abuse of the trial court's discretion. We disagree.

{¶34} Contempt has been defined as the disregard for judicial authority. *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691 (1982). "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d

55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. Again, our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *In re Mittas*, Stark App.No.1994CA00053 (Aug. 6, 1994). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶35} When a party is charged with contempt for violating a court order, the person may defend by proving that it was not in his or her power to obey the law. *Courtney v. Courtney*, 16 Ohio App.3d 329, 475 N.E.2d 1284 (3rd Dist.1984). Appellant argues his inability to pay is due to the fact that he does not earn enough to pay the entire child support order. Appellant has repeatedly failed to support this argument with evidence beyond his self-serving assertions that he cannot afford to pay the full amount.

{¶36} In *Osborne v. Osborne*, 5th Dist. Fairfield No. 2009-CA-35, 2009-Ohio-6440, at ¶ 11, we observed:

> In *Seasons Coal Company v. City of Cleveland*, [10 Ohio
> St.3d 77, 461 N.E.2d 1273 (1984)], the Ohio Supreme Court quoted
> 5 Ohio Jurisprudence 3d (1978) 191-192, Appellate Review, Section
> 603, which states: "If the evidence is susceptible of more than one
> construction, the reviewing court is bound to give it that interpretation
> which is consistent with the verdict and judgment, most favorable to
> sustaining the verdict and judgment." The Seasons court went on to
> explain "The underlying rationale of giving deference to the findings
> of the trial court rests with the knowledge that the trial judge is best

able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons,* supra, at 80.

{¶37} A defendant cannot shield himself from a finding of contempt by making mere allegations he is unable to pay, without any supporting evidentiary material. *Walters v. Murphy*, 5th Dist. Ashland No. 2006-COA-030, 2007-Ohio-3426, ¶ 9, citing *Spring v. Spring*, 5th Dist. Tuscarawas No. 95AP080058 (April 17, 1996). At a minimum, a defendant should present evidence he had made a good-faith effort to comply with the court's order. Id., citing *Stocker v. Couts*, Tuscarawas App. No. 94AP070046 (March 13, 1995).

{¶38} The record in this matter reveals that appellant's chief response to the contempt proceedings is that he is unable to pay the full amount ordered and therefore pays what he feels to be appropriate: half of the ordered amount. Appellant has repeatedly argued his self-reported income on a mortgage application should not have been used to establish the child support order. However, we note this is appellant's only appeal from any order of the trial court. The trial court found on August 7, 2013 that appellant offered only self-serving opinions about his income, offered no evidence to establish that the figures used by CSEA were incorrect, and offered no justification for deviating from the guidelines. Appellant did not appeal from the entry of August 7, 2013. These continued arguments about his income are unavailing here.

{¶39} The testimony of the CSEA records custodian indicates that appellant was first ordered to provide child support for his children effective July 26, 2010. In the time since orders were established, we can find proof in this record of only four months

appellant paid his full child support obligation, and he did not pay cash medical during that time. He has repeatedly made only partial payments. It is uncontroverted that appellant built up an arrearage of more than $32,496.96 through November 20, 2015.

{¶40} Upon review of the record in this case, we are unable to conclude the trial court's contempt finding against appellant and imposition of jail time constituted an abuse of discretion, and we decline to alter the determinations reached by the magistrate and trial judge. See, *Hagan v. Hagan*, 5th Dist. Stark No. 2009 CA 00148, 2010-Ohio-540. The trial court's decision to impose four days of the jail term is not an abuse of discretion.

{¶41} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶42} Appellant's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.